## SCOTT vs. LANCASTER.

APPEAL from *Charles* County Court. The plaintiff below, (now appellant,) brought an action of *assumpsit* against the defendant, (the appellee.) The declaration contained three counts—1. That the defendant on the 25th of May 1804, at, &c. made his certain note in writing, his own proper hand-writing being thereto signed, bearing date the same day and year aforesaid, and thereby promised and agreed to pay to the plaintiff the amount of a certain arbitration bond assigned by a certain *B. Reeder*, and accepted by the defendant, which said bond and award was under the hands and seals of a certain *B. Dyson*, and *B. Douglass*, and also agreed to pay to the plaintiff such balance of a certain *J. Hyndman's* open account, as should appear due— and the plaintiff avers, that the said amount of the said arbitration bond, so assigned and accepted as aforesaid, was £31, and that the said balance, so said to be due upon open account, was £14 2 4. And the plaintiff further says, that the defendant then and there delivered the said note to him the plaintiff, whereby and by reason whereof the defendant became liable to pay to the plaintiff the several amounts before stated, making a total amount of £45 2 4; and the defendant, in consideration thereof, afterwards, on, &c. at, &c. undertook and promised to the plaintiff to pay him the said sum of £45 2 4, when he should be

1813.
Scott
vs
Lancaster

DECEMBER.

In *assumpsit* by P against D, on a note in writing, by which D promised to pay to P the amount of an arbitration bond assigned to him by B, and accepted by D, and also to pay to P such balance of J's open account as should appear to be due, with averments as to the amount of those respective claims—D pleaded *non assumpsit*, and the act of limitations, to which issues were joined—and there was a verdict for P on the *first issue*, and damages assessed, and no disposition made of the other issues. On this verdict judgment was entered for P

thereunto afterwards required.  2. *Insimul computassent.*
3. That afterwards, to wit, on the 6th day of September
1790, the defendant being indebted unto *B. Reeder*, it was
then and there agreed that a certain *B. Dyson* and *B.
Douglass*, of, &c. should settle and adjust the disputes,
lying in accounts, between them, and ascertain the balance
that might be found due; and upon such reference and set-
tlement there was found and ascertained to be due, and so
awarded under the hands and seals of said *Dyson* and
*Douglass*, the sum of £33 4 9 current money, from the
defendant to the said *B. Reeder.*  And whereas, also, after-
wards, to wit, on the 4th day of December 1790, the said
*B. Reeder,* for value received, assigned the amount of said
award to *A. Crawford*, and then and there directed the
defendant to pay the amount thereof to *A. Crawford*, or
order, and on the said day and year, the defendant there-
upon accepted to pay by his acceptance in writing the sum
of £31, on account of the same, on or by March, in the
year 1791.  And whereas afterwards, to wit, on the 3d
day of February 1804, *A. Crawford* having assigned the
said award and acceptance, and the money thereon due,
unto *J. Hyndman*, and *J. Hyndman* having also a claim
on account against the defendant, amounting to the sum of
£10 2 4, and *Hyndman* being also indebted in a large
sum of money unto the plaintiff, he then and there, to
wit, on, &c. at, &c. by his written assignment under his
hand and seal, for value received, and in consideration
of the said sum of money so due from him to the plaintiff,
did transfer and assign unto the plaintiff all the debts,
dues, claims and accounts, which he had against the de-
fendant, whether on open account, bond, arbitration bond,
or bonds given or assigned to him *Hyndman*, or in any
other manner whatsoever; of all which said several assign-
ments the defendant afterwards, to wit, on, &c. at, &c.
had notice.  By reason whereof, and in consideration of
the said several assignments, the defendant, when thereof
notified, and requested to pay the same by the plaintiff, to
wit, on the 25th day of May 1804, according to the tenor
and effect of the said assignment, did by his certain note
and assumption in writing, (his own proper hand-writing
being thereto subscribed,) on the back of the said assign-
ment, accept the same, and agree to pay to the plaintiff
the amount of the said arbitration bond, (to wit, the said

award,) assigned by *B. Reeder*, and accepted by him the defendant, which said bond and award was under the seals of *B. Dyson* and *B. Douglass*, and also such balance of *J. Hyndman's* open account as might appear due; and then and there delivered the said note or assumption in writing, on the back of said assignment, to the plaintiff. And the plaintiff in fact saith, that the arbitration bond, and the bond and award mentioned and described in the said note, and the assignment and acceptance thereof, mentioned in said note, and the award herein first before mentioned, and the assignment thereof, and the acceptance thereof by the defendant as herein first above mentioned, are one and the same award, assignment and acceptance, and not different; and that the amount of said acceptance of the defendant, and the money due thereon from the defendant, is the said above mentioned sum of £31; and that the balance of *J. Hyndman's* open account, due to *Hyndman* from the defendant, amounts to the sum of £10 2 4; of all which the defendant afterwards, to wit, on, &c. at, &c. had notice. By reason whereof, and also by force of the statute in such cases made and provided, the defendant became liable to pay to the plaintiff the said several sums of money, to wit, the sum of £31, and the sum of £10 2 4; and being so liable, in consideration thereof, afterwards, to wit, on, &c. at, &c. undertook, and upon himself assumed, and to the plaintiff then and there faithfully promised, that he the defendant the said several sums would well and truly pay and satisfy, whenever he the defendant should be thereunto afterwards required. Nevertheless, &c. The defendant pleaded *non assumpsit infra tres annos*, and *actio non decrevit infra tres annos.* To which there were the general replications, and issues were joined. *Verdict* upon the *first issue* for the plaintiff, and damages assessed to £83 8 9 current money. The following points were saved for the court's opinion, viz. 1. That there was no consideration for the assumption laid in the plaintiff's declaration. 2. That the promise of the defendant, as stated in said declaration, was *nudum pactum.* 3. That the declaration of the plaintiff states no legal cause of action, nor any lawful consideration for the promise therein stated.

The County Court gave judgment on the *points saved* for the defendant; and the plaintiff was nonsuited. He appealed to this court.

1813.

Scott
vs
Lancaster

1813.

Bradford
vs
M'Comas

The cause was argued before CHASE, Ch. J. and BU-CHANAN, NICHOLSON, EARLE, and JOHNSON, J. by

*Magruder,* for the Appellant; and by
*W. Dorsey,* for the Appellee.

The appellee's counsel, without examining the points saved, contended that no judgment could be rendered in favour of the plaintiff on the verdict; because the defendant below pleaded three pleas, on all of which issues were joined, and the jury had only found a verdict on the issue of *non assumpsit,* without having passed on the other issues.

JUDGMENT REVERSED,

And judgment entered on the verdict for the damages laid in the declaration, and costs, to be released on payment of the sum assessed by the jury, with interest and costs.